# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 2, 2013

Lyle W. Cayce
Clerk

No. 12-40019
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR MONTANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-482-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Oscar Montano pleaded guilty to possession with intent to distribute cocaine under Federal Rule of Criminal Procedure 11(a)(2), reserving his right to appeal the district court's denial of his motion to suppress. He asserts that the district court clearly erred in finding that his encounter with border patrol agents at a bus station in Brownsville, Texas, was not a seizure under the Fourth Amendment. He relies on the agents' actions of positioning themselves at the entrance to the bus, identifying themselves to boarding passengers as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

border patrol agents, asking the passengers to show proof of citizenship, and requesting permission to search carry-on bags to argue that a seizure occurred. Montano contends that a reasonable person under the circumstances would not have felt free to disregard the agents and board the bus, and he notes that passengers were not allowed to board without undergoing the inspection. We conclude that the district court did not clearly err in finding that there was no seizure.

The applicable test is whether a reasonable innocent person would feel free to leave, decline the officers' requests, or otherwise terminate the encounter in light of the officers' actions. *Florida v. Bostick*, 501 U.S. 429, 435-38 (1991). Nothing in the record here suggests that a reasonable innocent person would not have felt free to abandon the boarding line and leave the bus station. While the agents were uniformed and carried weapons, they made no threatening or intimidating movements. They did not block the exits to the station, brandish weapons, or use any show of force. *See United States v. Drayton*, 536 U.S. 194, 204-05 (2002). Montano conceded at the suppression hearing that he was free to leave the bus station. *See Bostick*, 501 U.S. at 435-38. Although the agents did not advise passengers that they could refuse to cooperate, that factor is not determinative. *See Drayton,* 536 U.S. at 198, 203.

Montano compares his contact with agents to the unconstitutional seizures found in *Brown v. Texas*, 443 U.S. 47, 48-50 (1979), and *United States v. Bowles*, 625 F.2d 526, 532 (5th Cir. 1980). These cases are distinguishable from the instant matter.

For the first time on appeal, Montano also contends that the pre-boarding inspection process violated the Fourth Amendment as a checkpoint primarily for the purpose of general crime control. One of the agents testified that the purpose of the inspection was to "check anything [traveling north] within the proximity . . . of the border" for weapons or drugs "because of the escalating violence in Mexico." Because Montano did not raise this argument in his motion

to suppress in the district court, he waived it.  *See United States v. Pope*, 467 F.3d 912, 914-15, 917-20 (5th Cir. 2006).  Even if we assume that he merely forfeited the argument, *see United States v. Baker*, 538 F.3d 324, 328-29 (5th Cir. 2008), we find no plain error on the limited record before the district court.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *City of Indianapolis v. Edmond*, 531 U.S. 32, 37 (2000); *Chandler v. Miller*, 520 U.S. 305, 323 (1997).

AFFIRMED.